# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TOMEKA BARROW and ANTHONY DIAZ, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiffs, | : Civil Action No. : 1:16-cv03577-AT |
| v. | : : |
| JPMORGAN CHASE BANK, N.A., | : : |
| Defendant. | : |

## PLAINTIFFS' INITIAL DISCLOSURES

COME NOW Plaintiffs Tomeka Barrow and Anthony Diaz (jointly the "Plaintiffs"), pursuant to Fed. R. Civ. P. 26(a)(1) and this Court's Local Rule 26.1 and file their initial disclosures.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiffs Tomeka Barrow and Anthony Diaz, on behalf of themselves and all others similarly situated, allege that Defendant JPMorgan Chase Bank, N.A. ("JPMC") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by using an automatic telephone dialing system to call cellular telephone numbers.  Plaintiffs seek statutory damages and injunctive relief.

The Legal Issues to be tried are as follows:

1. The number of autodialed calls made by the Defendant and/or its vendors to Plaintiffs' and members of the class' cellular telephone numbers without consent, whether consent never existed or had been revoked (consent is an affirmative defense to claims under 47 U.S.C. § 227(b)(1)(A));

2. Whether the dialing equipment used when calling the Plaintiffs' and members of the class's cellular telephone numbers is an automatic telephone dialing system;

3. The number of calls initiated to Plaintiffs and members of the class' cellular telephone numbers using an automatic telephone dialing system;

4. If the Defendant is found to have violated the TCPA, whether the violations were willful or knowing; and

5. If a violation is found, the amount of statutory damages to be awarded to the Plaintiffs and the class.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Plaintiffs incorporate by reference the authority listed in connection with the statement of issues in answer number one, above, listed in connection with the statement of damages in answer number six, below, and the authority cited in any

previous motion or pleading in this action. In addition to the foregoing, the Plaintiffs believe the following may be applicable in this action:

    A.    Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), and the regulations proscribed thereunder, 47 CFR § 64.1200.

    B.    *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 FCC Rcd. 14014 (F.C.C. 2003); *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559 (F.C.C. 2008);

    C.    *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* C.G. Docket No. 02-278, FCC 15-72 (F.C.C. June 18, 2015);

    D.    *Self v. Bellsouth Mobility, Inc.*, 700 F.3d 453 (11th Cir. 2012).

**(3) Provide the name and, if known, the address and telephone numbers of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

    i)    Plaintiff, Tomeka Barrow, who may be contacted through counsel;

    ii)    Plaintiff, Anthony Diaz, who may be contacted through counsel;

    iii)    Representatives or persons employed by Defendant or its vendors have knowledge of or access to business records regarding the telephone calls made to Plaintiffs' and putative class member's cellular telephone numbers and the type of dialing systems used to make those telephone calls.

      iv)      Plaintiffs' cellular telephone carriers may have information regarding Plaintiffs' cellular telephone service.

      v)      Defendant's landline telephone carrier has information regarding Defendant's telephone services.

      vi)      Defendant's dialing system provider(s) or manufacturer(s) have information regarding the dialing system(s) used by the Defendant.

      vii)      Plaintiffs reserve the right to amend this non-exhaustive list as discovery and investigation continues.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

At this time, Plaintiffs have not decided who will be called as witnesses in this action. No trial experts have been retained at this time. Plaintiffs reserve the right to retain an expert in the event such need arises.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

      **The following Documents may be used to support Plaintiffs' claims:**

a. Telephone records from Verizon Wireless pertaining to Anthony Diaz's cellular telephone number XXX-XXX-7581 for the relevant period, showing calls from Defendant;

b. Telephone records from AT&T pertaining to Tomeka Barrow's cellular telephone number XXX-XXX-2460 for the relevant period, showing calls from Defendant;

c. Defendant's records of calls to Plaintiffs and any reports therefrom, including call detail records;

d. Defendant's records and notes, including but not limited to telephone records and account notes;

e. Any and all documents produced by the Defendant or any other parties or non-parties pursuant to discovery requests served upon it by Plaintiffs or any other party or non-party;

f. Any and all documents reviewed by any expert in this action;

g. Any report provided by an expert in this action;

h. Any and all documents relied upon or utilized by Defendant;

i. Any and all documents regarding the dialing systems used by Defendant to call Plaintiffs, including any artificial or prerecorded calls to Plaintiffs;

j. Any and all rebuttal or impeachment documents as may be deemed necessary;

k. Any and all documents that may become known during the course of discovery; and

l. Any and all documents identified in Defendant's Initial Disclosures.

Plaintiffs reserve the right to supplement the above disclosures as a result of their continuing investigation and discovery.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by**

**category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**

At this time, Plaintiffs have not decided what exhibits will be tendered in this action.

**Computation of Damages:**
a. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and class members $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); or,
As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and class members treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
b. Costs;
c. Prejudgment interest; and
d. Any other relief the Court may deem just and proper.

**Injunctive Relief:**

Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to**

**satisfy the judgment.**

Not applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

No responsive document are presently in the possession of the Plaintiffs.

Respectfully Submitted,

By:   /s/ Abbas Kazerounian
     Abbas Kazerounian (*pro hac vice*)
     ak@kazlg.com
     jason A. Ibey (*pro hac vice*)
     jason@kazlg.com
     Kazerouni Law Group, APC
     245 Fischer Avenue, Suite D1
     Costa Mesa, CA 92626
     (800) 400-6808
     (800) 520-5523

     James M. Feagle
     jfeagle@skaarandfeagle.com
     Cliff R. Dorsen
     cdorsen@skaarandfeagle.com
     SKAAR & FEAGLE, LLP
     2374 Main Street, Suite B
     Tucker, Georgia 30084
     (404) 373-1970
     (404) 601-1855 (fax)

     Kris Skaar
     kskaar@skaarandfeagle.com
     Justin T. Holcombe

jholcombe@skaarandfeagle.com
SKAAR & FEAGLE, LLP
331 Mirramont Lake Drive
Woodstock, GA 30189
(770) 427-5600
(404) 601-1855 (fax)


Alexander Burke
(*pro hac vice to be submitted*)
aburke@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Ste. 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon Defendants PLAINTIFFS' INITIAL DISCLOSURES using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Julia B. Strickland (admitted *pro hac vice*)
jstrickland@stroock.com
Arjun P. Rao (admitted *pro hac vice*)
arao@stroock.com
Julieta Stepanyan (admitted *pro hac vice*)
jstepanyan@stroock.com
STROOK & STROOK & LAVAN LLP
2029 Century Park East
Los Angeles, CA 90067

Brian F. Hansen
Georgia Bar No. 323785
Brian.hansen@kutakrock.com
KUTAK ROCK LLP
303 Peachtree Street, N.E., Suite 2750
Atlanta, GA 30308

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

This 28 day of April, 2017.

**KAZEROUNI LAW GROUP, APC**

By:   /s/ Abbas Kazerounian
    Abbas Kazerounian (*pro hac vice*)
    ak@kazlg.com
    jason A. Ibey (*pro hac vice*)
    jason@kazlg.com
    Kazerouni Law Group, APC
    245 Fischer Avenue, Suite D1
    Costa Mesa, CA 92626