# EXHIBIT D

**Exhibit D – Website Notice**

*Tomeka Barrow and Anthony Diaz ("Plaintiffs") v. JPMorgan Chase Bank, N.A. ("JPMC" and together, with Plaintiffs, the "Parties"),*
United States District Court for the Northern District of Georgia,
Case No. 1:16-cv-03577-AT

# If you received one or more autodialed or artificial or prerecorded calls on your cellular telephone from JPMC regarding a mortgage or home equity line of credit account between April 20, 2012 through [date of preliminary approval] and, prior to being called, you orally requested not to be called, you may be entitled to money under a class action settlement.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- A proposed settlement will provide $2,250,000 into a fund from which eligible persons who file claims will receive cash awards (the "Settlement Fund").  The cash awards are estimated to be approximately $101 per claim, but this is only an estimate.

- The settlement fully resolves a lawsuit involving allegations that JPMC violated the Telephone Consumer Protection Act (the "TCPA") by placing telephone calls regarding a mortgage or home equity line of credit account to cellular telephones between April 20, 2012 and [date of preliminary approval] through the use of an automatic telephone dialing system or a prerecorded or artificial voice message without express consent.

- You are in the "Settlement Class" if JPMC, or any affiliate or agent acting on its behalf, made one or more telephone calls to your cellular telephone through the use of an automatic telephone dialing system or a prerecorded or artificial voice on or after April 20, 2012, through [date of preliminary approval], regarding a mortgage or home equity line of credit account and, prior to being called, you orally requested not to be called.  A person who does not exclude him or herself is a "Settlement Class Member."

- JPMC denies all allegations and denies any claim of wrongdoing.  The Court has not ruled on the merits of Plaintiffs' claims or JPMC's defenses.  By entering into the settlement, JPMC has not conceded the truth or validity of any of the claims against it.

- The Settlement Fund will be used to pay all amounts related to the settlement, including settlement awards to Settlement Class Members, attorneys' fees and costs to attorneys representing Plaintiffs and the Settlement Class ("Class Counsel"), any service awards to Plaintiffs, the costs of notice and administration of the settlement, and a possible charitable contribution if there are uncashed settlement award checks.

**QUESTIONS?  CALL 1-XXX-XXX-XXXX TOLL FREE, OR VISIT www._____.com**

- Class Counsel will ask the Court for up to 30% of the Settlement Fund as fees and additional money up to $40,000 to reimburse them for the out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement.

- Your legal rights are affected whether you act or do not act.  Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM AND W-9 FORM BY MONTH XX, 20XX** | This is the only way to receive a payment.  You will give up your rights to sue JPMC about the legal claims in this case. |
| **EXCLUDE YOURSELF BY MONTH XX, 20XX** | Get no payment.  This is the only option that allows you to ever sue JPMC on your own regarding the legal claims in this case. |
| **OBJECT BY MONTH XX, 20XX** | Write to the Court about why you believe the settlement is unfair in any respect.  Even if you file a valid and timely objection, you must still submit a claim form to receive a payment. |
| **ATTEND A HEARING ON MONTH XX, 20XX** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Settlement award payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1. What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed settlement has been reached in the putative class action lawsuit entitled *Barrow, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 1:16-cv-03577-AT (N.D. Ga.).  Because your rights may be affected by this settlement, it is extremely important that you read this Notice carefully.  This Notice summarizes the settlement and your rights under it.

| 2. What does it mean if I received an e-mail or postcard about this settlement? |
|---|

If you received an e-mail or postcard describing this settlement, you may be a member of the Settlement Class. You are a member of the Settlement Class if JPMC, or any affiliate or agent acting on its behalf, made one or more telephone calls to your cellular telephone through the use of an automatic telephone dialing system or a prerecorded or artificial voice on or after April 20, 2012, through [date of preliminary approval], regarding a mortgage or home equity line of credit account and, prior to being called, you orally requested not to be called.

| 3. What is this class action lawsuit about? |
|---|

In a class action, one or more people called a Class Representative (here, Plaintiffs) sues on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiffs claim JPMC violated the TCPA by placing calls, between April 20, 2012 and _____[date of preliminary approval], to cellular telephones, through the use of an automatic telephone dialing system or an artificial or prerecorded voice without prior express consent.

JPMC denies these allegations and denies any claim of wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims or JPMC's defenses. By entering into the settlement, JPMC has not conceded the truth or validity of any of the claims against it.

The Court has conditionally certified a class action for settlement purposes only. The Honorable Amy Totenberg (the "Court") is presiding over this action.

| 4. Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiffs or JPMC. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class Members are eligible to receive compensation. Plaintiffs and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

| 5. How do I know if I am a part of the settlement class? |
|---|

The Court has certified a class action for settlement purposes only. You are in the Settlement Class if JPMC, or any affiliate or agent acting on its behalf, made one or more telephone calls to your cellular telephone through the use of an automatic telephone dialing system or a prerecorded or artificial voice on or after April 20, 2012, through [date of preliminary approval], regarding a mortgage or home equity line of credit account and, prior to being called, you orally requested not to be called.

The Settlement Class does *not* include any persons who validly request exclusion from the Settlement Class, as described under Question 14. A person who does not exclude him or herself is a "Settlement Class Member."

If you are still not sure whether you are included in the Settlement Class, you can visit other sections of the Settlement Website, www.XXX.com, you may write to the Settlement Administrator at _____, or you may call the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX, and leave a voice message for the Settlement Administrator.

## THE LAWYERS REPRESENTING YOU

### 6. Do I have lawyers in this case?

The Court has appointed the law firms of Kazerouni Law Group, APC and Hyde & Swigart as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel may be reached at Barrow@westcoastlitigation.com.

### 7. How will Class Counsel and Plaintiffs be paid?

Class Counsel will ask the Court to approve payment of up to $675,000 to them for attorneys' fees. This amounts to 30% of the $2,250,000 Settlement Fund after notice expenses have been deducted. Class Counsel will also ask the Court to approve payment of their out-of-pocket expenses up to $40,000. This payment would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. JPMC reserves the right to oppose this request. Class Counsel also will ask the Court to approve payment of $5,000 to each to the two named Plaintiffs for their efforts in bringing the lawsuit and representing the Settlement Class. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS

### 8. What does the settlement provide?

JPMC will pay $2,250,000 to cover the costs of settlement including: (1) cash awards to Settlement Class Members who submit a valid and timely claim form; (2) an award of attorneys' fees to Class Counsel and Class Counsel's out-of-pocket expenses as approved by the Court; (3) service awards to the two named Plaintiffs, in an amount not to exceed $5,000 each, as approved by the Court; (4) the costs of notice and administration of the settlement; and (5) under certain circumstances as described below, a charitable contribution.

**No Portion of the Settlement Fund Will Return to JPMC.** Any money remaining in the Settlement Fund after paying settlement awards to Settlement Class Members who submit valid and timely claim forms, attorneys' fees and costs to Class Counsel, any service award to Plaintiffs, and the costs of notice and administration of the settlement, will be paid either: (1) in a second distribution to Settlement Class Members whose initial settlement awards were cashed; or (2) if there are not enough funds to justify a second distribution, the remaining funds will be donated to one or more charitable organizations. The Parties have proposed Prosperity Now and

New Media Rights at the contingent *cy pres* beneficiaries, subject to Court approval.  No portion of the Settlement Fund will return to JPMC.

### 9. How much will my settlement award be?

Your share of the Settlement Fund will depend on the number of valid claim forms that Settlement Class Members submit.  Class Counsel estimate that the amount of the settlement award, which is dependent upon the number of claims, to be approximately $101.00, but may be within the range of $101.00 (if 5% of the Settlement Class Members submit a claim) to $5 (if every estimated Settlement Class Member submits a claim).

### 10. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class, and you will be bound by the release of claims in the settlement.  This means that, if the settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against JPMC or any other released parties asserting a released claim.  It also means that all of the Court's orders will apply to you and legally bind you.

Unless you opt out of the settlement, you will agree to release JPMC and any other released parties from any and all claims that arise from the telemarketing calls at issue in this action.  The release provides:

> Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, household members, and any persons acting on their behalf, will be deemed to have fully released and forever discharged JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors and assigns (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of Final Approval that arise out of or are related in any way to the actual or alleged use by JPMorgan Chase Bank, N.A., or its current or prior representatives, agents or affiliates, of an artificial or prerecorded voice, predictive dialer and/or of any automatic telephone dialing system (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) to place calls to cellular telephones or any telephones for which the called party is charged, including, but not limited to, claims under or for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other state or federal

statutory or analogous common law claim (including, but not limited to, state laws and invasion of privacy) arising from the use of automatic telephone dialing systems, predictive dialer and/or an artificial or prerecorded voice (the "Released Claims") which have accrued on or before the date of Final Approval.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of the waiver of California Civil Code Section 1542 and/or any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

If you have any questions about the release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A SETTLEMENT AWARD

**11.  How can I get a settlement award?**

To qualify for a settlement award, you must send in a claim form and a completed W-9 form by Month XX, 20XX.  You may get a claim form and a W-9 form on the Settlement Website, www.XXX.com, or by calling the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX. **Read the instructions carefully, fill out the claim form completely and accurately, sign it, and submit it**.  To be valid, the claim form must be completed fully and accurately and submitted timely, along with a completed W-9 form. A claim form and W-9 form may be submitted by mail to the claims administrator at: _____ or via the Settlement Website.  If you are submitting your claim and W-9 form via the Settlement Website, they must be submitted no later than Month XX, 20XX.  If you are mailing your claim and W-9 form to the claims administrator, they must be postmarked by Month XX, 20XX.

## WHEN WILL I RECEIVE MY SETTLEMENT AWARD?

### 12. When would I receive a settlement award?

The Court will hold a Final Approval Hearing on Month XX, 20XX to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone entitled to a settlement award will be informed of the progress of the settlement through information posted on the Settlement Website at www.XXX.com. Please be patient.

### 13. Will my settlement award expire?

Yes. Settlement checks are only valid for 120 days after the date on the check. If you fail to cash the check within the 120-day time period, you will be deemed to have forever waived and released your claim for payment. Please act promptly.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the settlement?

If you want to keep the right to sue or continue to sue JPMC or a Released Party arising out of a Released Claim, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting out of, the Settlement Class.

You may request exclusion from the Settlement by submitting an opt-out request through the Settlement Website or by sending a written request to the Settlement Administrator. Exclusion requests must include: (1) the full name and address of the Settlement Class Member requesting exclusion; (2) any telephone numbers called by JPMC; (3) the following statement: "I/we request to be excluded from the settlement in the Barrow action" or a substantially similar statement that unambiguously communicates a desire to be excluded from the Settlement; and (4) for mailed opt-out requests, the Settlement Class Member's signature, and for opt-out requests submitted via the Settlement Website, the Settlement Class Member's electronic signature. Exclusion requests must be signed by the Settlement Class Member who is requesting exclusion. No request for exclusion will be valid unless timely submitted and all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

**If you are submitting your exclusion request via the Settlement Website, it must be submitted no later than Month XX, 20XX. If you are mailing your exclusion request to the claims administrator, it must be postmarked by Month XX, 20XX and mailed to the following address:**

> Settlement Claims Administrator
> P.O. Box XXXXX
> City, State Zip Code

QUESTIONS? VISIT WWW.XXX.COM, CALL 1-XXX-XXX-XXXX AND LEAVE A MESSAGE, OR EMAIL BARROW@WESTCOASTLITIGATION.

You cannot exclude yourself on the phone or by fax or email.  If you ask to be excluded, you will not get any payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) JPMC or a Released Party in the future.

**15.  If I do not exclude myself, can I sue JPMC for the same thing later?**

No.  If you do not exclude yourself, you give up any right to sue (or continue to sue) JPMC or any Released Parties for the Released Claims that this settlement resolves.  If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is Month XX, 20XX.

**16.  If I exclude myself, can I get a benefit from this settlement?**

No.  If you ask to be excluded, you will not receive a settlement award and you cannot object to the settlement.  However, in the event a member of the Settlement Class submits both an exclusion request and a claim form, the claim form will control.

## OBJECTING TO THE SETTLEMENT

**17.  How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class and do not exclude yourself, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views.  If you do not provide a timely, written objection in the manner described below, you are deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement, including as to the award of any attorneys' fees and costs to Class Counsel and/or service award to Plaintiffs.

To object, you must make your objection in writing, stating that you object to the settlement in <u>Barrow v. JPMorgan Chase Bank, N.A</u>.  You must make your objection in writing and file it with the Court.  To be valid, the written objection must (1) contain information sufficient to allow the Parties to confirm that you are a Settlement Class Member; (2) include a statement of your specific objections; and (3) state the grounds for objection, as well as identify or attach any documents you would like the Court to consider.

**To be considered, you must file your objections with the Court at the address below and also mail your objections to Counsel for Plaintiffs and JPMC at the addresses below no later than Month XX, 20XX.**

*Barrow v. JPMorgan Chase Bank, N.A.*
Case No. 1:16-cv-03577-AT
Clerk of the Court
U.S. District Court for the Northern District of Georgia
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

QUESTIONS?  VISIT WWW.XXX.COM, CALL 1-XXX-XXX-XXXX AND LEAVE A MESSAGE, OR EMAIL BARROW@WESTCOASTLITIGATION.

| For Plaintiffs: | For JPMC: |
|---|---|
| KAZEROUNI LAW GROUP APC | STROOCK & STROOCK & LAVAN LLP |
| Abbas Kazerounian | Julia B. Strickland / Arjun Rao |
| 245 Fischer Avenue, Suite D1 | 2029 Century Park East |
| Costa Mesa, CA 92626 | Los Angeles, CA 90067-3086 |

**18. What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you both object and request to exclude yourself, the request to exclude yourself will control.

## IF YOU DO NOTHING

**19. What happens if I do nothing at all?**

If you do nothing, you will not receive a settlement award and you will give up your rights to sue JPMC and/or any other Released Parties on a Released Claim. For more information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**20. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at ___ a.m./p.m. on Month, XX, 20XX at the United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, in Courtroom 2308 – 23rd Floor. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 17 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel as well as Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**21. Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the settlement agreement, the Court will consider it.

| 22. May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 17 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, you must say that it is your "Notice of Intention to Appear" in "*Barrow v. JPMorgan Chase Bank, N.A.*, Case No. 1:16-cv-03577-AT." The document must also include your name, address, telephone number, that you are a class member, and your signature. The document must be filed with the Court at the address in Question 17 no later than Month XX, 20XX. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

| 23. How do I get more information? |
|---|

This notice is only a summary of the proposed settlement. More details are in the settlement agreement. You may get a copy of the settlement agreement by visiting the Settlement Website, www.XXX.com, or you may write to the address below or call the Toll-Free Settlement Hotline, 1-XXX-XXX-XXXX, and leave a voice message for the Settlement Administrator. Class Counsel may be reached at Barrow@westcoastlitigation.com.

**PLEASE DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, JPMC OR JPMC'S COUNSEL ABOUT THE SETTLEMENT.**

**[SETTLEMENT ADMIN NAME]**
**[ADDRESS]**